UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **DORIS SILVIA** | **C.A. NO.: 1:25-CV-11621-MPK** |
| **V.** | |
| **NORWEGIAN CRUISE LINE** | |

## NCL'S MOTION TO DISMISS FOR IMPROPER VENUE

Defendant, NCL (Bahamas) Ltd. d/b/a Norwegian Cruise Line ("NCL") moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(3) because it was brought in the wrong venue. Plaintiff's ticket contract with NCL contains a valid and enforceable forum selection clause requiring all suits for personal injury be filed in the Southern District of Florida.

Plaintiff alleges that she was injured during a cruise on the *Norwegian Gem.* Prior to sailing, Plaintiff accepted the terms and conditions of NCL's Guest Ticket Contract, which require that any claims for personal injury shall be filed in the United States District Court for the Southern District of Florida. Binding precedent from the United States Supreme Court, *Carnival Cruise Lines. Inc. v. Shute,* 499 U.S. 585 (1991), holds that such a forum selection provision in a cruise ticket contract is valid and enforceable. Additionally, the particular forum selection provision in NCL's Guest Ticket Contract has been enforced by the First Circuit, this District, and multiple other courts. *See e.g. Reynolds-Naughton v. Norwegian Cruise Line Ltd.*, 386 F.3d 1 (1 C.A. 2004); *Thompson v. NCL (Bah.) Ltd.*, 2017 U.S. Dist. LEXIS 8158 (D. Mass. 2017) ("numerous jurisdictions have found NCL's Guest Ticket Contract fair and reasonable, and Miami-Dade County, Florida is where its company is headquartered, and where a large number of its employees, which may be called to testify during a trial, are based."); *Barkin v. Norwegian Caribbean Lines*,

1988 AMC 645, 1987 WL 766923, at *4 (D. Mass.); *Keikian v. Norwegian Cruise Line, Ltd.*, 2004 Mass.App.Div. 91; *Samalot-Martinez v. Norwegian Cruise Line Holdings, Ltd.*, 2024 U.S. Dist. LEXIS 18262, at *1 (D.P.R. Jan. 26, 2024); *Lurie v Norwegian Cruise Lines, Ltd.*, 305 F.Supp. 2d 352 (S.D.N.Y. 2004); *Siegel v. Norwegian Cruise Line, Ltd.*, 2001 U.S. Dist. LEXIS 24309, 2001 WL 1905983 (D.N.J.); *Colby v. Norwegian Cruise Lines, Inc.*, 921 F.Supp. 86, 89 (D. Conn. 1996).

Accordingly, NCL respectfully requests that its motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) be granted.

Pursuant to Local Rule 7.1, counsel for NCL attempted to contact counsel for plaintiff in an effort to resolve this venue issue but was unable to reach plaintiff's counsel by phone and did not receive a response to an email communication.

          Respectfully submitted,

          Defendant,
          Norwegian Cruise Line

          By its Attorneys,

Dated: November 5, 2025          */s/ Beata Shapiro*
          Beata.Shapiro, BBO #661174
          Beata.Shapiro@wilsonelser.com
          Wilson Elser Moskowitz Edelman & Dicker LLP
          260 Franklin Street, 14th Floor
          Boston, Massachusetts  02110
          (617) 422-5300

## CERTIFICATE OF SERVICE

      I, Beata Shapiro, hereby certify that, on November 5, 2025 the foregoing document was filed through the ECF system, the document will be sent electronically to the registered participants, and paper copies will be served via first class mail on those indicated as non-registered participants.

                                              /s/ *Beata Shapiro*
                                              Beata Shapiro